# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **KEVIN PARSLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00185 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SWVRJA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Kevin Parsley, Pro Se Plaintiff; Jason R. Whiting, JOHNSON, AYERS & MATTHEWS, P.L.C., Roanoke, Virginia, for Defendants.*

The plaintiff, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. Parsley alleges that the defendant jail officials violated his constitutional right to privacy by conducting visual strip searches in an area viewed by cameras sometimes monitored by female officers. The defendants have filed a Motion to Dismiss, and Parsley has responded. After review of the record, I conclude that the defendants' motion must be granted in part and denied in part.

I.

At the time of the incidents at issue in this case, Parsley was confined at a facility operated by the Southwest Virginia Regional Jail Authority ("SWVRJA"). He alleges the following sequence of events on which he bases his claims. On

August 16, 2018, after Parsley completed his shift in the jail's kitchen, Sergeant Rhymer bypassed the booking area shower and took Parsley to the nearby locker room, where he and Officer Taylor conducted a visual strip search of Parsley. Surveillance cameras do not monitor the booking area shower, but they do monitor the locker room. The search revealed no contraband.

On August 20, 2018, as directed by Sergeant Rhymer, Officers Taylor and Estep bypassed the shower and escorted Parsley to the locker room for a visual strip search on camera in the locker room. Parsley alleges that female and male officers monitor the cameras that film that room.

Parsley started filing administrative request forms and grievances, complaining about being strip searched on camera. A few days later, the policy was changed to permit two officers to strip search one inmate at a time in the camera-free booking area shower. In contrast, under the previous policy, two officers could search three inmates at a time. Parsley alleges, "After I started the grievance process they were reviewed by many officers in the jail. I started rec[ei]ving verbal abuse in the form of cheap shot comments while being searched up to 8-27-28 when I was relieved from my possession [sic] in the kitchen." Additional Evid. 2, ECF No. 21. Officer Scott made comments while conducting strip searches of Parsley, such as: "I can't believe that little thing caused this many problems," "Mr. Small Balls," or

"The dick that started it all." Compl. Attach. 2, ECF No. 1-3. Also, on August 27, 2018, Parsley was removed from his trustee position and his housing unit.

Parsley brought this § 1983 action in February 2019 against the following defendants: SWVRJA, Sheriff Puckett, Major B. Parks, Sergeant Rhymer, and Officers Taylor, Estep, and Scott. Liberally construed, his Complaint alleges the following claims: (1) in August 2018, the SWVRJA policy changed to allow Parsley to be strip searched two times in an area monitored by cameras sometimes staffed by female officers; and (2) after Parsley filed grievances about these events, he suffered retaliation in the form of verbal abuse, loss of his kitchen job, and loss of his trustee status. As relief, Parsley seeks monetary damages.[1] The defendants have filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Parsley has responded, making the matter ripe for disposition.

II.

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim under § 1983, a plaintiff must allege "the

---

[1] Parsley also seeks the defendants fired from their positions. He is advised that employment changes are not a form of relief available under § 1983.

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To hold an official liable under § 1983, the plaintiff must state facts to affirmatively show that the officer acted personally to deprive the plaintiff of, or violate his, constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007).[2]

The defendants assert that Parsley's allegations about the strip searches do not state any actionable claim under the Fourth Amendment. I cannot find that Parsley's claims must be dismissed at this early stage of the litigation.

"It is undisputed that inmates retain certain rights of privacy under the Constitution which include the right not to be viewed naked by a member of the opposite sex when not reasonably necessary."[3] *Ashann-Ra v.Virginia*, 112 F. Supp.

---

[2] I have omitted internal quotation marks, alterations, and/or citations here and throughout this opinion, unless otherwise noted.

[3] According to court records online, at the time of the alleged strip searches in view of the locker room cameras, Parsley was apparently a pretrial detainee — not yet convicted of the criminal charges against him. Fourth Amendment privacy rights for a pretrial detainee are, at least, coextensive with the same privacy right enjoyed by convicted inmates. *Bell v. Wolfish*, 441 U.S. 520, 555 (1979).

2d 559, 565 (W.D. Va. 2000) (citing *Lee v. Downs*, 641 F.2d 1117, 1120 (4th Cir. 1981) (actionable privacy claim where female guards were stationed in positions to observe male inmates while undressed or using toilets); *see also Canedy v. Boardman*, 16 F.3d 183, 187 (7th Cir. 1994) (cross-gender strip searches of inmates or regular exposure of nude inmates to guards of the opposite sex violates inmates' privacy rights) (citing other cases). Under the Fourth Amendment, a search is reasonable if the need for the search outweighs the invasion of personal rights that the search entails. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The court must balance these factors to determine whether a search violated constitutional protections: the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Id.* Under these principles, before Parsley has had an opportunity to engage in discovery, I must deny the defendants' motion on Fourth Amendment grounds. *See*, *e.g.*, *Farrell v. Cooper*, No. 5:13-CT-3097-FL, 2014 WL 3546534, at *3 (E.D.N.C. July 17, 2014) (denying motion to dismiss Fourth Amendment claim alleging two women observed strip search of male inmate).

As stated, I also construe Parsley's allegations as raising a claim of retaliation — adverse actions taken against him because of his exercise of his First Amendment

right to petition for redress.[4] To state a claim for retaliation under Section 1983, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected or chilled his exercise of his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. *See Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017). "For purposes of a First Amendment retaliation claim under Section 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Id.* An inmate's First Amendment right to petition the government is violated when he is retaliated against for filing a grievance. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 755 (2018). Actions that normally do not violate constitutional protections may be actionable when they are done to retaliate against an inmate for exercising a protected constitutional right, such as filing grievances. *See, e.g., Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989).

The defendants have not addressed Parsley's retaliation claim in their current motion.

---

[4] For reasons stated by the defendants in their brief, I do not find that Parsley's allegations provide grounds for any Eighth Amendment or Due Process claim under § 1983.

The defendants argue that Parsley has not stated facts showing how each of them was personally involved in the alleged violations. Again, I conclude that Parsley's allegations survive a Rule 12(b)(6) motion. He alleges that the unconstitutional searches took place pursuant to a SWVRJA policy change that was later altered to protect inmates' rights to privacy. *See Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (holding that plaintiff may state § 1983 claim against public entity by showing its policy was "the moving force of the constitutional violation"). Parsley has not yet had the benefit of discovery to determine which of the supervisory officials he has named (Puckett, Parks, or Rhymer) is responsible for the challenged policy change in August of 2018 that allegedly violated his rights. His current allegations are enough, however, to state a plausible claim that one or more of them is responsible.[5] *Twombly*, 550 U.S. at 570. Moreover, Parsley specifically alleges that defendants Rhymer, Taylor, and Estep personally participated in the wrongful searches and that defendant Scott participated in retaliatory verbal abuse.

Finally, Sheriff Puckett contends that any claim for monetary damages against him in his official capacity should be dismissed on the ground of sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official

---

[5] Parsley may also be able to show that one or more of these officials played some part in the loss of his kitchen job and his trustee position, although his current submissions make no such showing.

but rather is a suit against the official's office."). I agree, and accordingly, I will grant the Motion to Dismiss as to all official capacity claims for monetary damages. I also construe Parsley's claims as being asserted against the defendants in their individual capacities, however.

III.

For the stated reasons, it is **ORDERED** as follows:

1. Defendants' Motion to Dismiss, ECF No. 16, is GRANTED IN PART AND DENIED IN PART;

2. The Motion to Dismiss is GRANTED only as to Parsley's claims directed at the defendants in their official capacities, but as to all other claims, the Motion to Dismiss is DENIED; and

3. Defendants are DIRECTED to file any summary judgment motion within 28 days from the entry of this Opinion and Order.

ENTER: February 18, 2020

/s/ JAMES P. JONES
United States District Judge